Louie CARBAJAL, as next friend of minor children April Carbajal, Clarissa Carbajal, and Francesca Toya; Lisa Carbajal, as next friend of minor children April Carbajal, Clarissa Carbajal, and Francesca Toya; James Nessle, as next friend of minor child Jessica Nessle; Thomas Doak, as next friend of minor children George Doak and Matthew Doak; Vivian Doak, as next friend of minor children George Doak and Matthew Doak; Anita Hall, as next friend of minor child Stuart Hall; Santiago Galindo, as next friend of minor children Araceli Galindo, Omar Galindo, and Jander Galindo; Antonia Galindo, as next friend of minor children Araceli Galindo, Omar Galindo, and Jander Galindo; Miguel Aranda, as next friend of minor children Lizet Aranda, Maria Aranda, Sara Aranda, and Leticia Aranda; Amada Aranda, as next friend of minor children Lizet Aranda, Maria Aranda, Sara Aranda, and Leticia Aranda; Hector Moreno; Marian Jaramillo, as next friend of minor child Antoinette Baird; Thomas Vigil, as next friend of minor children Amanda Vigil and Jacob Mallow; Leslie Mallow, as next friend of minor children Amanda Vigil and Jacob Mallow; Frieda Eswonia, as next friend of minor child Melda Eswonia; Angela Gonzales–Carver, as next friend of minor children Adrian Carver and Danielle Carver, Plaintiffs–Appellants,

v.

ALBUQUERQUE PUBLIC SCHOOL DISTRICT, Defendant–Cross–Defendant–Appellee,

Deborah BURCIAGA, as next friend of minor children Monica Burciaga, Erica Burciaga, Rachel Burciaga, Sandy Burciaga, and Santos Burciaga; Roberto Roibal, as next friend of minor child Lucia Roibal; Elma Villanueva, as next friend of minor child Jesus Aguilera; Jason Gauna, as next friend of minor child Erik Gauna; Edward Farquhar, as next friend of minor child Norman Farquhar; Martha Loya, as next friend of minor children Alejandra Loya, Rafael Loya, Paola Loya, and Cynthia Loya; GUADALUPE ROJAS, as next friend of minor children Joel Martinez, Josuel Martinez, Jesus Martinez, and Jose Martinez; Albuquerque Border City Project; American GI Forum; Lulac; Southwest Organizing Project; Promotores De Derechos; Felipe Martinez, as next friend of minor children Estela Martinez and Felipe Martinez, Intervenors–Cross–Claimants.

No. 01–2288.

United States Court of Appeals, Tenth Circuit.

July 30, 2002.

Before TACHA, Chief Circuit Judge, ALDISERT [†], and SEYMOUR, Circuit Judges.

## ORDER AND JUDGMENT[*]

DEANELL REECE TACHA, Chief Circuit Judge.

Students in the Albuquerque Public Schools ("APS") brought this lawsuit against the school system, challenging the New Mexico Bilingual Multicultural Education Act ("BMEA") and the school system's Alternative Language Services ("ALS") program. A group of parents who support the ALS program intervened, along with several organizations with an interest in preserving the program.[1] Following the defendant's and the intervenors' motions for summary judgment, the district court granted summary judgment on a number of claims. One claim went to trial on stipulated facts, and the court held in defendant's favor. Plaintiffs appealed. We exercise jurisdiction pursuant to 28 U.S.C. § 1291 and AFFIRM.

Many of the original plaintiffs in this action are no longer APS students. Others are still enrolled in APS but are not enrolled in the ALS program. Based on the parties' representations, however, along with an affidavit submitted after oral argument, we have concluded that at least one plaintiff with standing remains as to each claim.

The New Mexico BMEA's stated purpose is "to insure equal education opportunities for students in New Mexico." N.M. Stat. Ann. § 22–23–3. The statute makes a local school district's bilingual instruction program eligible for state financial support if it "provide[s] for the educational needs of linguistically and culturally different students, including native American children and other students who may wish to participate" and meets certain other requirements. *Id.* § 22–23–6(A). The statute defines "culturally and linguistically different" students as "those persons who

[†] Ruggero J. Aldisert, Senior United States Circuit Judge for the Third Circuit, sitting by designation.

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. This court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

1. The intervenors also brought cross-claims against APS, but these claims are not at issue on appeal.

are of a different cultural background than the majority culture of the state and whose native tongue is of a language other than the language of the majority culture within the state." *Id.* § 22–23–2(C). The statute also states: "Involvement of students in any programs shall not have the effect of segregating students by ethnic group, color or national origin." *Id.* § 22–23–5(C).

APS's ALS program was created pursuant to the BMEA and receives state funding. The program provides bilingual education for "limited English proficient" ("LEP") students. It also includes a multicultural component for all students. In 1995, following a review of APS's ALS program by the United States Department of Education Office for Civil Rights, APS and the Office of Civil Rights entered into an Agreement for Corrective Action. The Agreement established new procedures for identifying and serving LEP students. To determine if a student is LEP, the school first asks parents a series of 6 questions regarding their children's language abilities and potential exposure to languages other than English. The Office of Civil Rights has approved 5 of these 6 questions. Where the answers to these questions indicate that a child may have a "primary or home language other than English," the student is tested for English proficiency. The testing results dictate whether the child is classified as LEP. APS does not seek parental consent prior to placing students in ALS classes, but parents have the option of removing their children from ALS classes.[2]

Plaintiffs assert that the BMEA classifies on the basis of race or national origin, and that APS places students in ALS classes according to race or national origin. They further challenge the effectiveness of the program in overcoming English deficiencies, as well as the manner in which the program is implemented. They argue that the BMEA and the program APS has created pursuant to it simply aim to preserve and promote Spanish language and Hispanic culture.

Plaintiffs appeal the May 14, 1999 grant of summary judgment on the following claims:

(1) that the BMEA on its face violates the Fourteenth Amendment of the United States Constitution and Title VI of the Civil Rights Act of 1964, 42 U.S.C. § 2000d;

(2) that the ALS program as applied violates the Fourteenth Amendment of the United States Constitution and Title VI of the Civil Rights Act of 1964; and

(3) that APS breached its 1995 Agreement with the Office of Civil Rights by forcing plaintiffs to participate in the ALS without notice or consent, and that LEP plaintiffs are third-party beneficiaries entitled to injunctive relief.

Plaintiffs also appeal the district court's January 14, 2000 ruling, following a trial on stipulated facts, that the ALS and the BMEA do not violate the Equal Education Opportunity Act's mandate to "take appropriate action to overcome language barriers that impede equal participation by its students in its instructional programs." 20 U.S.C. § 1703(f).

We review a grant of summary judgment de novo, applying the same standard as the district court. *Whitesel v. Sengenberger,* 222 F.3d 861, 867 (10th Cir.2000). Summary judgment is appropriate if, viewing the evidence in the light most favorable to the nonmoving party, there is no

---

**2.** The district court's memorandum opinion and order of May 14, 1999 states the facts in more detail.

genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *Id.* On appeal following a bench trial, we review findings of fact for clear error and conclusions of law de novo. *EEOC v. Wiltel, Inc.,* 81 F.3d 1508, 1513 (10th Cir.1996).

We conclude that the district court properly disposed of these claims. We AFFIRM for substantially the reasons stated by the district court.